UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KRISTENE HAYWOOD, individually and as next friend of KG, Plaintiffs, | ) ) ) |
| | ) |
| VS. | ) C.A. NO. 4:24-cv-40071-MRG |
| | ) |
| FITCHBURG PUBLIC SCHOOLS, Defendant. | ) ) |

**FITCHBURG PUBLIC SCHOOLS'S RESPONSE TO COURT'S ORDER TO RESPOND TO PLAINTIFF'S OPPOSITION TO THE MOTION TO DISMISS**

## I.      INTRODUCTION

NOW COMES the Defendant Fitchburg Public Schools (hereinafter the "District") and hereby submits this memorandum in response to the June 23, 2025, Order issued by Judge Margaret R. Guzman. ECF No. 17. Judge Guzman ordered the District to address only the arguments raised by the Plaintiff in its Opposition, including but not limited to:

1.   The interaction of Plaintiff's Procedural Due Process and M.G.L. c. 76, § 5 claims, including whether the Massachusetts Tort Claims Act forecloses the remedy set forth in M.G.L. c. 76, § 5; and

2.   The application of the Supreme Judicial Court's opinion in *Goodwin v. Lee Public Schools*, 475 Mass. 280 (2010) to the facts in this case, including whether it summarily rejects a requirement to exhaust remedies prior to pursuing a claim under M.G.L. c. 76, § 5.

The District responds to the June 23, 2025 Order below.

1

II.     **ALLEGED FACTS RELEVANT TO THIS RESPONSE**[1]

On or about December 21, 2021, KG transferred from the Reingold Elementary School to Crocker Elementary School,[2] as a result of the events in November and December 2021. ECF No. 13 at ¶ 41. *See also* ECF *generally*. According to Plaintiffs, following her transfer to Crocker Elementary, KG "continued to exhibit signs of distress and trauma" including refusing to ride the bus and refusing to put beads in her hair out of fear for how students would perceive her and that her new teacher and friends would not like her. ECF No. 13 at ¶¶ 42-45. Plaintiffs allege that the District has never required any white students to change their hair for any reason. ECF No. 13 at ¶ 47. According to Plaintiffs, KG continues to suffer stress and anxiety every time she has her hair done. ECF No. 13 at ¶ 46.

As a result of the events in November and December 2021, KG's mother, Kristene Haywood met with Superintendent of the District Robert Jokela ("Superintendent Jokela") and requested that KG's teacher be required to undergo anti-bias training. ECF No. 13 at ¶ 37. Plaintiffs allege that Superintendent Jokela did not appear to take Ms. Haywood's concerns seriously. ECF No. 13 at ¶ 38. Plaintiffs also allege that the District had not conducted or arranged for any training that would have adequately prepared its teachers and administrators to understand the importance and cultural context of "protective hairstyles" as defined in M.G.L. c. 4 § 7. ECF No. 13 at ¶ 38.

III.    **ALLEGED VIOLATIONS RELEVANT TO THIS RESPONSE**

Plaintiffs allege KG had a property interest in "attending the public school in which she had been enrolled." ECF No. 13 at ¶ 80. According to Plaintiffs, the District deprived KG of her property interest without constitutionally adequate process in violation of her right to Procedural

---

[1]/ Given the required brevity of this memorandum and the background having been discussed in multiple pleadings, Defendant has no need to restate all facts and relies only on facts relevant to this discussion.

[2]/ Crocker Elementary is a school within the Fitchburg School District. CROCKER ELEMENTARY SCHOOL, https://crocker.fitchburg.k12.ma.us/about-us (last visited July 14, 2025).

Due Process under the Fourteenth Amendment of the United States Constitution and Part l, Article XII of the Massachusetts Constitution. ECF No. 13 at ¶ 81.

Plaintiffs also allege the District's "discriminatory treatment of KG and her mother had the effect of necessitating KG's relocation to a different school, a disruptive process that caused both KG and Ms. Haywood emotional distress." ECF No. 13 at ¶ 59. Plaintiffs allege that the District's discriminatory treatment of KG and her mother violated M.G.L. c. 76 § 5. ECF No. 13 at ¶ 60.

## IV.    ANALYSIS

### A. The administrative remedies provided under M.G.L. c. 76, §§ 5 and 16 foreclose Plaintiffs' Procedural Due Process claim.

Under M.G.L. c. 76, § 5, "[e]very person shall have a right to attend the public schools of the town where he actually resides." Further, M.G.L. c. 76, § 16 provides, "who has been *refused admission to or excluded from* the public schools or from the advantages, privileges and courses of study of such public schools shall on application be furnished by the school committee with a written statement of the reasons therefor, and thereafter, if the refusal to admit or exclusion was unlawful, such pupil may recover from the town" (emphasis added). The Supreme Judicial Court ("SJC") has pointed out that M.G.L. c. 76, § 16 "has been in effect in essentially the same form since 1845." *Goodwin v. Lee Pub. Sch.*, 475 Mass. 280, 284 (2016). *See* St.1845, c. 214.[3]

Here, the Defendants neither "refused admission or excluded" KG from attending the public school in her residential town or district. According to the facts[4] provided by Plaintiffs, during the December 1, 2021, meeting, with Reingold Elementary School personnel, the school choice officer, Eva Kelly, agreed to help KG transfer to a new school "**if** Ms. Haywood wanted

---

[3]/ An Act Concerning Public Schools, ch. 214 (1845).

[4]/ The District takes Plaintiffs' well-pleaded factual allegations as presumed true solely for the purposes of this response brief. *See, e.g., Ruiz v. Bally Total Fitness Holding Corp.*, 496 F.3d 1, 5 (1st Cir. 2007).

her to." ECF No. 13 at ¶ 34. Further, Plaintiffs allege that on or about December 6, 2021, "Ms. Haywood met again with Principal Sparks and discussed KG's transfer to Crocker Elementary School." ECF No. 13 at ¶ 35. In their Opposition to the Motion to Dismiss, Plaintiffs cite to an email from Reingold Elementary Principal Justin Sparks, who "acknowledged in an email that KG had felt like she did not belong at Reingold Elementary School and that [Principal Sparks] needed 'to have further conversations with [KG's] teacher and as a school community.'" ECF No. 16 at 4. These facts, taken as true, fall short of **refusing admission or outright expulsion** of KG from Reingold Elementary School. *See Morrison v. City of Lawrence*, 186 Mass. 456, 458 (1904) ("It was obligatory on the plaintiff to show that he did not voluntarily leave school. For this purpose it was open to him to prove that he left because [he was] suspended by the superintendent of schools"). In point of fact, many children transfer schools for different reasons and it is incumbent upon school personnel to help accommodate a transfer request it that is what a parent and student want.  In no way can help facilitating a relocation be tantamount to **refusing admission or outright expulsion.**

Nonetheless, even to the extent the school's failure to prevent KG from "feeling safe" and comfortable on account of her race constituted the deprivation of her "advantages, privileges and courses of study" at Reingold Elementary pursuant M.G.L. c. 76, § 16, the student may recover from the town "if the refusal to admit or exclusion was unlawful." There is nothing unlawful about KG's transition from Reingold Elementary to Crocker Elementary. The school did not suspend or expel her predicated on false information and the pleaded facts do not rise to unlawful or illegal acts. *See* ECF No. 15. Indeed Plaintiffs—not the school—made the decision to transfer from Reingold to Crocker.

4

Even if it were an unlawful expulsion under § 16, (which there clearly was not) the statute provides administrative relief sufficient to satisfy a Procedural Due Process claim. The "basic guarantee" of Procedural Due Process is that, before a deprivation of a protected property interest can take place, a plaintiff "must be forewarned and afforded an opportunity to be heard at a meaningful time and in a meaningful manner." *Amsden v. Moran*, 904 F.2d 748, 753 (1st Cir. 1990) (quotation omitted). Plaintiffs have provided no evidence that they petitioned the Fitchburg School Committee for relief to remain at Reingold Elementary School.  In fact, they did the opposite in asking to be relocated, thus failing to exhaust her redressability pursuant to her Procedural Due Process rights. *See e.g., Carr v. Inhabitants of Town of Dighton*, 229 Mass. 304, 306 (1918) (A student's father applied to the school committee by letter for a statement in writing of the reasons for his child's exclusion from school, in accordance with Revised Laws 1902 c. 44, § 7). The SJC has been clear that the final determination to expel or suspend a student from school lies with the school committee. *See Hodgkins v. Inhabitants of Rockport*, 105 Mass. 475, 476 (1870) (". . . when a scholar is guilty of misconduct which injuriously affects the discipline and management of the school, we think the law vests in the school committee the power of determining whether the welfare of the school requires his exclusion"). Plaintiffs have provided no evidence that they applied to or petitioned the school committee for a written statement for the reasons for KG's expulsion from Reingold Elementary. Why would they, as she was not expelled?  To the extent Plaintiffs argue KG has been forced out of Reingold, they have not sought an explanation from the school committee as to how it will address or resolve the concerns the Plaintiffs have, such as offering training that would adequately prepared its teachers and administrators to understand the importance and cultural context of protective hairstyles as defined in M.G.L. c. 4 § 7. *See generally* ECF Nos. 13 and 16.

While the SJC held in *Leonard v. School Committee of Attleboro, 349 Mass. 704* (1965) that M.G.L. c. 76, §16 provides the exclusive remedy for a student seeking damages in tort when a member of the school committee, principal, or teacher unlawfully excludes a pupil from a public school, here, it is worth discussing that the MTCA is the exclusive remedy for claims against state and local public employers. *See* M.G.L. c. 258, § 2. Specifically, for claims of "personal injury … caused by the negligent or wrongful act or omission of any public employee while acting within the scope of his office or employment, … [t]he remedies provided by this chapter shall be exclusive of any other civil action or proceeding by reason of the same subject matter against the public employer." *Id*. To the extent KG's claim is for injury beyond "expulsion," Plaintiffs must rely on the MTCA.

### B. *Goodwin* does not provide an exhaustion exception to Plaintiffs under M.G.L. c. 76 § 16 prior to seeking a claim.

In *Goodwin v. Lee Public Schools*, 475 Mass. 280 (2016), the SJC concluded that a high school student was not required to exhaust their administrative remedies pursuant to M.G.L. c. 71, § 37H½ prior to bringing a claim under M.G.L. c. 76, § 16. *Id*. at 286. The Court held: "[B]ecause the plaintiff's suspension under § 37H½ was in violation of the statute, [the student] was not required to exhaust the administrative remedies provided under *that statute* (appeal to the superintendent) before seeking review of that suspension in the Superior Court." *Goodwin*, 475 Mass. at 287 (2016) (emphasis added). *Goodwin* is inapplicable here as it involved the unlawful suspension of a student for nonexistent felony charges which the school believed had been or would be brought. The case here is not parallel or in any way similar. The only holding the SJC made in *Goodwin* as it relates to M.G.L. c. 71 § 16 is that "nothing in the language of § 37H½ precludes a student who has been suspended under [§ 37H½] from seeking to pursue a tort remedy

under G.L. c. 76, § 16, without having first pursued or prevailed on appeal of a decision ordering the student's suspension under § 37H½ ." *Goodwin*, 475 Mass. at 289 (2016).

Plaintiffs rely on the SJC's footnote in *Goodwin* that "recovery in tort [pursuant to M.G.L. c. 76, § 16] is permissible, without any statutory prerequisite, 'if the refusal to admit or exclusion was unlawful.'" ECF No. 16 at 12, *quoting Goodwin*, 475 Mass. 280, 289 n. 10 (2016). This is nothing more than a red herring. In the instant case—and unlike in *Goodwin* where it was undisputed that the principal unlawfully excluded the student from attending school—nothing is unlawful about KG's transition from Reingold Elementary to Crocker Elementary. Furthermore, footnote No. 11 states, "in some circumstances, the failure to exhaust administrative remedies seeking readmission to school might be relevant to a mitigation of damages, the two statutes [referring to M.G.L. c. 76, § 16 and M.G.L. c. 71, § 37H½] afford separate and independent remedies." *Goodwin*, 475 Mass. at 289 n. 11 (2016). Here, the facts are completely different from *Goodwin* and therefore the case must be analyzed outside the scope of *Goodwin*. Thus it has no application to this case.

V.    **CONCLUSION**

**WHEREFORE**, the Defendant Fitchburg Public Schools hereby respectfully submits this memorandum in response to the Order issued by Judge Guzman and respectfully requests that this Honorable Court enter an order dismissing all counts of the Complaint brought against them, with prejudice, enter final judgment in their favor, and grant them any other such relief that his Court deems necessary and just.

Respectfully submitted,

The Defendant,
FITCHBURG PUBLIC SCHOOLS,
By its Attorneys,

**PIERCE DAVIS & PERRITANO** LLP

*/s/ Brian M. Fleming*

Jason W. Crotty, BBO #656313
Brian M. Fleming, BBO #684858
10 Post Office Square, Suite 1100N
Boston, MA 02109
(617) 350-0950
jcrotty@piercedavis.com
bfleming@piercedavis.com

Dated: July 16, 2025

## CERTIFICATE OF SERVICE

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on this 16th day of July 2025.

*/s/ Brian M. Fleming*

Brian M. Fleming